UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DAVID THOMAS SINGLETON**<br>    DOC # 081080 | : | **CIVIL ACTION NO. 15-cv-599**<br>SECTION P |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **KEITH COOLEY** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the application for writ of habeas corpus [doc. 1] filed pursuant to 28 U.S.C. § 2241 by pro se petitioner David Thomas Singleton ("Singleton"). Singleton is in the custody of Louisiana's Department of Public Safety and Corrections and is incarcerated at Allen Correctional Center in Oakdale, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE**.

**I.**
**BACKGROUND**

Following a jury trial in Orleans Parish, Singleton was convicted of armed robbery. Doc. 1, p. 2.  On December 22, 1975, he was sentenced as a multiple offender to ninety-nine years imprisonment. *Id.* Available documentation shows an extensive procedural history following his sentencing, beginning with the denial of his direct appeal by the Louisiana Supreme Court on or about January 24, 1977. *Singleton v. Michael*, No. 2:04-cv-798 (E.D. La. Nov. 17, 2014)

("*Michael*"), doc. 13, p. 2. On April 11, 1989, Singleton filed for post-conviction relief and was denied. *Id.* He filed again on February 1, 1990, and was again denied. *Id.* On September 18, 1990, he filed a motion to correct an illegal sentence, which was denied by the trial court on October 30, 1990. *Id.* His writ application to the Louisiana Supreme Court was denied on February 21, 1992. *Id*.

Singleton then filed another writ in the Louisiana Supreme Court, alleging that the trial court failed to act in correcting an illegal sentence. *Id*. The Louisiana Supreme Court transferred the matter to the trial court. *Id*. Singleton was re-sentenced on March 1, 1993, with the court finding that the original sentence was illegally lenient as the judge omitted the fact that the sentence was to run without the benefit of parole, probation, or suspension of sentence. *Id.* at doc. 13, p. 3, n. 2 and accompanying text. His motion for reconsideration was ultimately denied by the Louisiana Supreme Court on April 26, 1996. *Id*. Singleton continued to seek a reduction in his sentence, first with another motion for post-conviction relief and then with a second motion to correct illegal sentence. *Id.* at doc. 13, p. 4. Both motions were denied. *Id*.

On March 1, 2004, Singleton filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in the United States District Court for the Eastern District of Louisiana. *Id.* He asserted several grounds for relief, including (1) that, upon remand for re-sentencing, the trial court unconstitutionally imposed an enhanced sentence by amending it to run without benefit of parole, probation, or suspension of sentence, and (2) that the sentence issued following his re-sentencing was legally incorrect, warranting release. *Id.* at 5. On November 10, 2004, the Eastern District denied the habeas petition with prejudice as untimely and alternatively, as procedurally defaulted because the State of Louisiana resolved his claims on independent and adequate state procedural and substantive grounds. *Id.* at pp. 11–12.

Singleton's motion for reconsideration and request for a certificate of appealability were denied by the Eastern District. *Id.* at docs. 16, 18. Likewise, the Fifth Circuit Court of Appeals denied his request for a certificate of appealability. *Id.* at doc. 21. In May of 2008 Singleton filed another motion for reconsideration regarding the Eastern District's denial of his § 2254 writ [*id.* at doc. 21], which was denied by the court on August 31, 2009 [*id.* at doc. 26]. On January 12, 2012, he filed a motion for leave to file a bill of review [*id.* at doc. 29], which was construed as a motion for authorization to file a second and successive § 2254 application, and was transferred to the Fifth Circuit [*id.* at doc. 30]. On May 4, 2012, the Fifth Circuit denied its authorization, affirming the grounds on which the district court dismissed his second § 2254 application. *Id.* at doc. 37, pp. 1–2.

On November 19, 2014, Singleton filed a writ of habeas corpus ad testificandum pursuant to 28 U.S.C. § 2241 in the Eastern District. *Id.* at doc. 38. That court denied the writ as moot, stating that it had denied relief years ago and that there were "no properly filed proceeding pending and no hearing to which he [Singleton] can be brought to testify." *Id.* at doc. 40, pp. 1–3. In its ruling, the court noted that if Singleton's petition was broadly read to state a § 2241 challenge to the calculation, implementation or execution of his sentence, the proper venue was the Western District of Louisiana as this was his place of confinement. *Id.* at doc. 40, p. 2.

The instant writ of habeas corpus was filed on March 13, 2015. It is identical to the writ of habeas corpus ad testificandum that Singleton filed in the Eastern District on November 19, 2014. Singleton challenges the denial of his previous habeas petitions (or filings construed as habeas petitions) as second or successive. Doc. 1, pp. 11-12.  In support he claims that his prior petition was not second or successive, as it was dismissed on "procedural grounds without adjudication on the merits. . . ." Doc. 1, p. 12.  Singleton also claims that he is the victim of a "scheme to deny

him access to Court" [*id.* at doc. 1, p. 2] and that his discharge date does not include earned good time credit [*id.* at doc. 1, p. 9].

## II.
### LAW AND ANALYSIS

#### A. *Second or Successive Analysis*

Singleton has contested, multiple times, the sentence imposed at his re-sentencing in 1993. All of his attempts have been unsuccessful. It appears that the instant habeas petition, filed pursuant to § 2241 rather than § 2254, is yet another attempt to attack that sentence and the various rulings denying him relief therefrom. Specifically he challenges the May 4, 2012, finding by the Eastern District that his motion for leave to file a bill of review was a second or successive habeas petition. Singleton contends that this ruling was in error. He alleges that Eastern District's November 10, 2004, denial of his habeas petition for being untimely did not constitute an adjudication on the merits. Without such an adjudication, he argues, the Eastern District should not have barred his 2012 motion as a second and successive petition.

Singleton's assertion in this regard is incorrect. The Fifth Circuit has found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 n. 7 (5th Cir. 1999) (citing *Felker v. Turpin*, 518 U.S. 651, 655–58, 662–63 (1996)). Thus, the Fifth Circuit has suggested a focus of the inquiry is whether, in the prior petition, the petitioner received an adjudication on the merits of his claims. *Id.*

Although a dismissal based upon the statute of limitation does not include an examination of the merits of the underlying substantive claims presented in the petition, such a dismissal is considered an adjudication of the merits for purposes of determining whether a subsequent petition

is successive. *See Mathis v. Laird*, 457 F.2d 926, 927 (5th Cir. 1972) ("A ruling based on the statute of limitations is a decision on the merits for res judicata purposes."); *In re Marino*, 181 F.3d 1142, 1144 (9th Cir. 1999) (same); *Villanueva v. United States*, 346 F.3d 55, 61 (2nd Cir. 2003); *Murray v. Greiner*, 394 F.3d 78, 81 (2nd Cir. 2005); *Guyton v. United States*, 23 Fed. App'x 539, 540 (7th Cir. 2001) (dismissal of a habeas petition "because the district court determined, albeit erroneously, that it was not filed within the applicable statute of limitations ... operates to dispose of the case on the merits as much as an erroneous finding that a petitioner had failed to state an element of a claim."); *Reyes v. Vaughn*, 276 F.Supp.2d 1027, 1029 (C.D. Cal. 2003) (holding that a previous dismissal based on the statute of limitations "is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under the [Anti-Terrorism and Effective Death Penalty Act].")

Therefore Singleton's argument that his former § 2254 petition was not second or successive because it was denied as untimely is without merit. As such, before this petition may be considered by this court, Singleton is required to obtain authorization to file this second or successive petition from the Fifth Circuit in accordance with 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(3)(A) provides in part that "[b]efore a second or successive application permitted by this section [§ 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). Singleton has not received such authorization. In fact, as shown above, the Fifth Circuit has denied his request in his previous successive § 2254 application. *Michael*, No. 2:04-cv-798, doc. 37. This court is not required to transfer a second or

successive habeas petition to the Fifth Circuit.[1] Moreover, in light of the Fifth Circuit's denial of Singleton's previous application to file a second or successive *habeas* application, no practicable purpose would be served by transferring the current matter to the circuit court for authorization.

### B. Good-Time Credit Analysis

In *Malchi v. Thaler*, the Fifth Circuit held that state prisoners who allege improper denial of good-time credit that, if restored, could result in their immediate or sooner release from prison, fall under § 2254 rather than § 2241. 211 F.3d 953, 956 (5th Cir. 2000). Singleton states that his discharge date does not include earned good time credit and that "[p]rison officials at Allen Correctional Center have been aware of the situation since January 22, 2013, when [they] calculated petitioner's earned 'good time' . . . and refused to discharge petitioner." *Cooley*, No. 2:15-cv-599, doc. 1, pp. 9–10.

Assuming that the factual basis of Singleton's good-time credit claim did not exist until a point in time after the filing of his previous habeas petitions (namely, the January 22, 2013, calculation of his earned good-time), then this portion of his petition would not be considered successive. 28 U.S.C. § 2244(d)(1). However, such habeas corpus petitions are subject to a 1–year statute of limitations and this 1–year period of limitations is calculated from the latest of four different events: (1) the date of finality of judgment; (2) the date when an impediment to filing created by State action is removed; (3) the date when the constitutional right asserted by the petitioner was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date when the factual predicate of the claim was or could have been discovered through the exercise of due diligence. *Id.* The very latest applicable date in

---

[1] Although some district courts have taken this route, it is not mandatory. *See In Re Epps*, 127 F.3d 364 (5th Cir. 1997).

the present matter is January 22, 2013, when the calculation was made for the good time credit in question.

Thereafter, Singleton had one year from January 22, 2013, to file his petition for habeas corpus. He did not file this matter until March 13, 2015. Even the identical writ that he filed in the Eastern District on November 19, 2014, was beyond the limitations period. Absent statutory tolling or equitable tolling, for which he asserts no claim and we find no justification, the instant petition would be time-barred. *See* 28 U.S.C. § 2244(d)(2) (statutory tolling); *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007) (equitable tolling).

Further, Singleton admits that he did not attempt to resolve this problem through the administrative remedies process. Doc. 1, pp. 15–18. In fact, he asks this court to waive any exhaustion requirement. Doc. 1, p. 18.

In Louisiana, when administrative remedies *have* been exhausted, an inmate can seek judicial review in the Nineteenth Judicial District Court, East Baton Rouge Parish. *See* LA. REV. STAT. 15:1177 and 15:571.15. If unsuccessful at the district court level, the inmate may appeal the decision of the Nineteenth Judicial District Court to the "appropriate court of appeal," which would be the Louisiana First Circuit Court of Appeal. *See* LA. REV. STAT. 15:1177A(10) and 13:312(1). Should a petitioner's appeal be unsuccessful, Louisiana law allows him to seek supervisory review in the Louisiana Supreme Court. LA. CODE CIV. PROC. art. 2201; LA. CODE CRIM. PROC. art. 922. Here Singleton states that he sought review in the Nineteenth Judicial District Court (*Cooley*, No. 2:15-cv-599, doc. 1, p. 16); however, he does not allege that he sought further review in the court of appeals or the Louisiana Supreme Court.

Based on the above, Singleton's good-time credit claim is (1) time-barred under § 2254, and (2) unexhausted, warranting dismissal under either § 2254 or § 2241.

### C. *Non-habeas Claims*

Singleton claims that he is the victim of a "scheme to deny him access to Court." *Cooley*, No. 2:15-cv-599, doc. 1, p. 2. Such claims do not challenge the fact or duration of his confinement and he cannot utilize habeas corpus proceedings to obtain relief. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)). To advance such claims, Singleton would have to submit them in the context of a civil rights complaint filed pursuant to 42 U.S.C. §1983.

### III.
#### CONCLUSION

The undersigned concludes that the appropriate action for this court to take is to dismiss this action due to Singleton's failure to obtain proper authorization from the United States Fifth Circuit Court of Appeals. Accordingly,

**IT IS RECOMMENDED** that the instant action be **DISMISSED WITHOUT PREJUDICE** because the instant petition constitutes a second or successive habeas petition within the meaning of 28 U.S.C. § 2244(b) filed without prior authorization of the United States Fifth Circuit Court of Appeals.

**IT IS ALSO RECOMMENDED** that Singleton's civil rights claim as described herein be **DENIED AND DISMISSED WITHOUT PREJUDICE** to his ability to pursue such claim by filing the appropriate action.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 21st day of October, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE